UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10CV596
(3:07CR97)

| | |
|---|---|
| THOMAS DONNELL SIFFORD, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | NOTICE AND O R D E R |

**THIS MATTER** is before the Court on initial review of Petitioner's Motion to Vacate, Set Aside, Or Correct Sentence pursuant to 28 U.S.C. § 2255, filed November 5, 2010.[1] (Doc. No. 1).

A review of the record reflects that on August 7, 2007, Petitioner pled guilty to one count of possession with intent to distribute one or more mixture and substances containing a detectable amount of cocaine and cocaine base, involving at least five grams of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and one count of possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Petitioner was sentenced to 132 months on Count One and 120 months on Count Two to run concurrent with Count One. (Case 3:07cr97, Doc. No. 30: Judgment). Petitioner filed a timely notice of appeal and on May 15, 2009, the Fourth Circuit issued an

---

[1] Although Petitioner's Motion to Vacate was received at the Court and filed by the Clerk on November 18, 2010, such document was signed and mailed on November 5, 2010. Consequently, pursuant to the "mail box" rule articulated in Houston v. Lack, 487 U.S. 266 (1988), the Court will treat the Motion to Vacate as having been filed on November 5, 2010.

1

unpublished decision affirming Petitioner's conviction and sentence. (United States v. Sifford, 330 F. App'x 46 (4th Cir. May 15, 2009) (unpublished). Petitioner filed a petition for a writ of certiorari in the United States Supreme Court which was denied on June 29, 2009. Sifford v. United States, 129 S.Ct 2885 (2009)(unpublished).

The Antiterrorism and Effective Death Penalty Act (the "AEDPA") imposes a 1-year statute of limitations period for the filing of a motion to vacate. Specifically, the AEDPA provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

> (1) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Petitioner's judgment of conviction became final on June 29, 2009, when the United States Supreme Court denied his petition for a writ of certiorari. Clay v. United States, 537 U.S. 522 (2003). Therefore, absent equitable tolling, Petitioner had until June 29, 2010 to file his motion to vacate.

In Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002), the Fourth Circuit held that upon examining a federal habeas petition prior to trial, if the Court perceives a *pro se* petition to be

untimely and the government has not filed a motion to dismiss based on the one-year limitations period, the Court must warn the petitioner that the case is subject to dismissal.[2]

**NOW, THEREFORE, IT IS HEREBY ORDERED** that:

(1) Within fifteen (15) days of the date of this Order, the Petitioner shall file a document explaining why the instant motion should be construed as timely filed. **FAILURE TO FILE A DOCUMENT EXPLAINING WHY THE INSTANT PETITION SHOULD BE CONSTRUED AS TIMELY FILED WILL RESULT IN DISMISSAL OF THE MOTION TO VACATE.**

(2) The Clerk shall send a copy of this Order to the Petitioner.

**SO ORDERED**.

Signed: November 29, 2010

Robert J. Conrad, Jr.
Chief United States District Judge

---

[2] Although the current form 2255 motion has been updated to include a question asking petitioners to address of the timeliness of the motion if filed more than a year after the conviction becomes final, the form motion used by the Petitioner in this case is not the most current form and does not include a question asking that he explain why the one-year limitations period does not bar his motion.