**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:10-cv-596
(3:07-cr-97)**

| | |
|---|---|
| **THOMAS DONNELL SIFFORD,** )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | **O R D E R** |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, Or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) and Petitioner's response to this Court's notice (Doc. No. 3) pursuant to <u>Hill v. Braxton</u>, 277 F.3d 701 (4th Cir. 2000).

**I.     BACKGROUND**

On August 7, 2007, Petitioner pled guilty to 1) one count of possession with intent to distribute cocaine and cocaine base, involving at least five grams of a mixture and substance containing a detectable amount of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); and 2) one count of possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Petitioner was sentenced to 132 months on Count One and 120 months on Count Two, to run concurrently with Count One. (Case No. 3:07cr97, Doc. No. 30: Judgment). Petitioner filed a timely notice of appeal, and on May 15, 2009, the Fourth Circuit issued an unpublished decision affirming Petitioner's conviction and sentence. <u>United States v. Sifford</u>, 330 F. App'x 46 (4th Cir. May 15, 2009) (unpublished). Petitioner filed a petition for a writ of certiorari in the United States Supreme Court, which was denied on June 29, 2009. <u>Sifford v.</u>

United States, 129 S.Ct 2885 (2009) (unpublished). Petitioner then filed the instant Motion to Vacate on November 5, 2010.[1] (Doc. No. 1). Because the Court perceived Petitioner's Motion to be untimely, the Court warned Petitioner, pursuant to Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002), that his case was subject to dismissal and allowed Petitioner to file a document explaining why his motion should be construed as timely filed. (Doc. No. 2 at 2-3: Notice and Order). Petitioner responded that his motion should be construed as timely because the law library at the correctional institution where he is being housed is inadequate and not properly staffed. (Doc. No. 3 at 1: Petitioner's Response). Petitioner also stated that he mailed his legal paperwork to his family so that they could hire a lawyer to file his motion, but the paperwork was lost in the mail. (Id. at 2). Thus, Petitioner was "back at the mercy of the insufficient law library as well as the delay." (Id.).

## II.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act (the "AEDPA") imposes a one-year statute of limitations period for the filing of a motion to vacate. Specifically, it provides:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–

> (1) the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (2) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] Although Petitioner's Motion to Vacate was received at the Court and filed by the Clerk on November 18, 2010, such document was signed and mailed on November 5, 2010. Consequently, pursuant to the "mail box" rule articulated in Houston v. Lack, 487 U.S. 266 (1988), the Court will treat the Motion to Vacate as having been filed on November 5, 2010.

2

> (3) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. Petitioner's judgment of conviction became final on June 29, 2009, when the United States Supreme Court denied his petition for a writ of certiorari. See Clay v. United States, 537 U.S. 522 (2003). Therefore, absent equitable tolling, Petitioner had until June 29, 2010 to file his Motion to Vacate. He did not file his Motion until November 5, 2010 making his Motion untimely. The only remaining question, then, is whether Petitioner's untimely motion can be saved through equitable tolling.

In order to apply equitable tolling, a petitioner must present "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). Such relief is sparingly granted, United States v. Prescott, 221 F.3d 686, 688 (4th Cir. 2000), and is reserved for those rare situations were circumstances beyond the party's own conduct would make it unconscionable to enforce the limitation period and gross injustice would result. Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

Petitioner's stated reasons for filing his motion late - that the law library at his correctional institution is inadequate and not properly staffed and that his legal paperwork was lost in the mail - are not extraordinary and thus will not save his untimely motion. Lack of legal knowledge does not warrant equitable tolling. United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Accordingly, the Court finds that Petitioner's Motion to Vacate is untimely, does not qualify for equitable tolling, and therefore must be dismissed.

3

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1.  Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DISMISSED**.

2. Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not mad a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85 (2000) (in order to satisfy § 2253(c) when a court denies relief on procedural grounds, a petitioner must demonstrate both that the dispositive procedural ruling is debatable and that the petition state s a debatable claim of the denial of a constitutional right).

Signed: March 25, 2011

Robert J. Conrad, Jr.
Chief United States District Judge